# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA FIRST LEGAL FOUNDATION, 611 Pennsylvania Ave SE #231 Washington, DC 20003 *Plaintiff,* v. U.S. DEPARTMENT OF EDUCATION, 400 Maryland Ave., SW Washington, DC 20202 *Defendant.* | Civil Action No.: 22-1901 |

## COMPLAINT

1. Plaintiff America First Legal Foundation ("AFL") brings this action against Defendant U.S. Department of Education ("Education") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Additionally, it may grant declaratory relief pursuant to 28 U.S.C. § 2201, *et seq*.

3. Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. AFL is a nonprofit organization working to promote the rule of law in the United States, prevent executive overreach, ensure due process and equal protection for all Americans, and encourage public knowledge and understanding of the law and individual rights guaranteed under the United States Constitution and the laws of the United States. AFL's mission includes promoting government transparency and accountability by gathering official information, analyzing it, and disseminating it through reports, press releases, and/or other media, including social media platforms, all to educate the public. All of the records AFL receives will be made publicly available on AFL's website for citizens, journalists, and scholars to review and use. AFL's principal office is located in the District of Columbia.

5. Education is an agency of the federal government within the meaning of 5 U.S.C. § 552(f) and has possession and control of the records AFL seeks.

## BACKGROUND

6. Transparency is key to a thriving democracy. Without it, it is impossible for citizens to hold Government accountable.

7. Indeed, the Biden Administration routinely states that it is committed to a transparent, open, and ethical government.[1]

---

[1] *FACT SHEET: Biden-Harris Administration Prioritizes Effectiveness, Accountability, and Transparency in Bipartisan Infrastructure Law Implementation*, THE WHITE HOUSE (Apr. 29, 2022), https://tinyurl.com/bdhrccyk; *Biden White House pledges data, transparency, respect for free press*, REUTERS (Jan. 20, 2021), https://tinyurl.com/3fzz25mf; Mark Joyella, *Biden's White House Press Secretary Promises 'Trust and Transparency,'* FORBES (Jan. 20, 2021), https://tinyurl.com/2p8729wz.

8. "Timely disclosure of records is also essential to the core purpose of FOIA." U.S. Dep't Just., Freedom of Information Act Guidelines (Mar. 15, 2022), https://tinyurl.com/2yd463dv.

9. Yet, questions remain about whether the individuals selected to lead various agencies have adequate qualifications, and whether they have conflicts of interest that should preclude them from serving in those positions.

10. To ensure transparency, the Government must be open about the backgrounds and qualifications of individuals selected to lead agencies, including Education.

11. Importantly, that includes sufficient information to assure citizens that those selected to lead various agencies are not influenced by conflicts of interest from previous experiences.

**AFL'S FOIA REQUEST**

12. To better understand the backgrounds of individuals hired at Education, AFL submitted a FOIA request to Education on July 16, 2021. *See* Ex. A.

13. In that request, AFL sought:

    A. Records sufficient to identify all employees who entered into a position at the agency as a Political Appointee since January 20, 2021, to the date this records request is processed, and the title or position of each employee (to the extent that individuals have held multiple positions during this time period, identify each title or position and the time period it was held).

    B. Records sufficient to identify all career employees who, between January 20, 2021, and the date this records request is processed, have been detailed to 1) a position eligible to be filled by a Political Appointee, or 2) a new position through coordination or consultation with either the White House Liaison or Presidential Personnel Office; the title or

position of each employee while on detail; and each employee's originating agency or component, and prior title.

C. For each individual identified in response to Requests 1 and 2 provide:

1. The resume provided by the individual to the agency in connection with determining the appropriate salary for the individual, or if that is not available, a recent resume contained within the agency's records. AFL has no objection to the redaction of employee's contact information, such as email, address, phone numbers etc.; however, prior employment, education, and descriptions of such experiences are not exempt and should be produced.

2. Any waivers issued to the individual pursuant to 18 U.S.C. § 208(b).

3. Any authorizations for the individual issued pursuant to 5 C.F.R. § 2635.502.

4. Any Ethics Pledge waivers, issued pursuant to Section 3 of Executive Order 13989 and Office of Government Ethics Legal Advisory 21-04, received by the individual.

5. Any ethics agreement executed by the individual; any Certification of Ethics Agreement Compliance; and any records relating to any violation by an individual of his or her ethics agreement.

6. Records reflecting any recusal determination made or issued for the individual.

7. Copies of any SF-50 forms for the individual reflecting any change in position, title, or salary, including when the employee starts or leaves a position.

8. Completed Ethics Pledge for each individual.

14. AFL submitted its FOIA request to Education through the Department's online portal. *See id.*

15. This request also sought a fee waiver. *See id.*

16. On July 16, 2021, Education sent AFL an e-mail acknowledging receipt of the request and assigning it tracking number 21-02226-F. *See* Ex. B.

17. On August 3, 2021, Education sent AFL a letter stating that the request had been "assigned to the Multiple Offices within the Department to search for documents that may be responsive to your request." Ex. C. Also, the letter stated that Education had granted AFL's fee waiver request. *See id.*

18. On August 13, 2021, Education sent AFL a letter stating that the Department was "unable to provide an estimated completion date, but intended to provide records on a rolling basis as they become available." Ex. D.

19. On September 17, 2021, Education issued an interim response to AFL's FOIA request. *See* Ex. E. Specifically, Education released 379 pages of records from its Office of Financial Operations, with portions withheld pursuant to FOIA Exemption 6. *See id.*[2]

20. In this letter, Education further informed AFL that it "is continuing to process your request and your FOIA request remains open." *Id.* Additionally, Education did not identify any information about appeal rights for this interim release, stating instead that the Department's "final release letter will contain [that] information[.]" *Id.*

---

[2] In this lawsuit, AFL does not challenge this specific response, or the redactions Education applied. Rather, AFL challenges the failure of Education to comply with FOIA's requirement that records be "made promptly available[.]" 5 U.S.C. § 552(a)(6)(C)(i).

21. In the nearly ten months since, AFL has received no further response from Education about its FOIA request.

22. By failing to make the requested records "promptly available," 5 U.S.C. § 552(a)(6)(C)(i), Education is depriving AFL and the public of vital information needed to determine whether the individuals selected to lead Education have the necessary qualifications and lack conflicts of interest that would influence their decision making.

## COUNT I
## Violation of FOIA, 5 U.S.C. § 552

23. AFL repeats the foregoing paragraphs as if set forth fully herein.

24. Education is an agency of the federal government within the meaning of 5 U.S.C. § 552(f).

25. By letter dated July 16, 2021, AFL submitted a FOIA request to Education.

26. AFL's FOIA request complied with all applicable statutes and regulations.

27. The requested records are not exempt from FOIA pursuant to 5 U.S.C. § 552(b).

28. Education has failed to complete its response to AFL's request within the statutory time-period. *See* 5 U.S.C. § 552(a)(6).

29. Education has failed to "ma[ke] promptly available" the requested records. 5 U.S.C. § 552(a)(6)(C)(i)

30. Accordingly, AFL has exhausted its administrative remedies. *See* 5 U.S.C. § 552(a)(6)(C).

31. By failing to issue a final response, or otherwise offer a reasonable schedule for production, Education has violated FOIA. *See* 5 U.S.C. § 552(a)(3)(A).

## PRAYER FOR RELIEF

WHEREFORE, AFL respectfully requests that this Court:

i. Declare that the records sought by the request, as described in the foregoing paragraphs, must be disclosed pursuant to 5 U.S.C. § 552.

ii. Order Education to conduct searches immediately for all records responsive to AFL's FOIA request and demonstrate that they employed search methods reasonably likely to lead to the discovery of responsive records.

iii. Order Education to produce by a date certain all non-exempt records responsive to AFL's FOIA request.

iv. Award AFL attorneys' fees and costs incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E).

v. Grant AFL such other and further relief as this Court deems proper.

June 30, 2022                                            Respectfully submitted,

                                                                */s/ Brian J. Field*
                                                                BRIAN J. FIELD
                                                                D.C. Bar No. 985577
                                                                SCHAERR | JAFFE LLP
                                                                1717 K Street NW
                                                                Suite 900
                                                                Washington, DC 20006
                                                                Tel.: (202) 787-1060
                                                                E-mail: bfield@schaerr-jaffe.com

/s/ *Michael Ding*
MICHAEL DING
D.C. Bar No. 1027252
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Ave SE #231
Washington, D.C. 20003
Tel.: (202) 964-3721
E-mail: michael.ding@aflegal.org

*Counsel for Plaintiff America First Legal Foundation*