UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICA FIRST LEGAL FOUNDATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 22-1901 (DLF) |
| U.S. DEPARTMENT OF EDUCATION, | ) ) ) | |
| Defendant. | ) ) | |

## ANSWER

Defendant United States Department of Education ("Education") respectfully answers Plaintiff America First Legal Foundation's ("AFL") complaint (the "Complaint"), ECF No. 1, in this Freedom of Information Act ("FOIA") case as follows. Defendant separately intends to file a Motion to Consolidate this matter with ten other cases filed by this Plaintiff seeking identical classes of documents from other agencies. Alternatively, Defendant may request designation of these cases as related. Defendant is conferring with Plaintiff regarding their position on this Motion.

1. This paragraph consists of Plaintiff's characterization of this action, to which no response is required.

2. This paragraph consists of Plaintiff's conclusions of law, to which no response is required.

3. This paragraph consists of Plaintiff's conclusions of law, to which no response is required.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on this basis denies them.

5. Defendant admits that Education is an agency as defined by FOIA. The remainder of this paragraph consists of Plaintiff's conclusions of law, to which no response is required.

6. The allegations in paragraph 6 are not pertinent to the claims and defenses at issue in this litigation, and requires no response.

7. The allegations in paragraph 7 are not pertinent to the claims and defenses at issue in this litigation, and require no response. In addition, paragraph 7 purports to characterize a "Fact Sheet." The court is referred to the cited document for an accurate and complete statement of its contents.

8. The allegations in paragraph 8 are not pertinent to the claims and defenses at issue in this litigation, and require no response. In addition, paragraph 8 purports to characterize the cited Department of Justice guidelines. The court is referred to the cited document for an accurate and complete statement of its contents.

9. The allegations in paragraph 9 are not pertinent to the claims and defenses at issue in this litigation, and require no response. In addition, Defendant lacks knowledge or information sufficient to form a belief as to whether "questions remain," and on this basis denies the allegations.

10. The allegations in paragraph 10 are not pertinent to the claims and defenses at issue in this litigation, and requires no response. In addition, paragraph 10 purports to characterize Plaintiff's motive underlying its FOIA request. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's motive, and on this basis denies them.

11. The allegations in paragraph 11 are not pertinent to the claims and defenses at issue in this litigation, and requires no response. In addition, paragraph 11 purports to characterize Plaintiff's motive underlying its FOIA request. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's motive, and on this basis denies them.

12. Defendant admits only that on July 16, 2021, it received a FOIA request from AFL. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 12.

13. This paragraph contains Plaintiff's characterization of its FOIA request. The request speaks for itself and is the best evidence of its contents. Defendant refers to the request and denies all allegations inconsistent therewith.

14. Admitted.

15. Admitted.

16. Admitted.

17. Defendant admits that Education sent AFL a letter on August 3, 2021. The letter speaks for itself and is the best evidence of its contents. Defendant refers to the letter and denies all allegations inconsistent therewith.

18. Defendant admits that Education sent AFL a letter on August 13, 2021. The letter speaks for itself and is the best evidence of its contents. Defendant refers to the letter and denies all allegations inconsistent therewith.

19. Admitted.

20. This paragraph contains Plaintiff's characterization of Defendant's September 17, 2021 interim response. The response speaks for itself and is the best evidence of its contents. Defendant refers to the response and denies all allegations inconsistent therewith.

21. Defendant admits that Education did not send any communications to Plaintiff regarding FOIA request 21-02226-F between September 17, 2021 and the date of the filing of the Complaint.

22. This paragraph consists of Plaintiff's conclusions of law, to which no response is required.

23. Defendant repeats and restates each and every response heretofore made with the same force and effect as if the same were set forth fully herein.

24. Defendant admits that Education is an agency as defined by FOIA.

25. Admitted.

26. This paragraph consists of Plaintiff's conclusions of law, to which no response is required.

27. This paragraph consists of Plaintiff's conclusions of law, to which no response is required.

28. This paragraph consists of Plaintiff's conclusions of law, to which no response is required.

29. This paragraph consists of Plaintiff's conclusions of law, to which no response is required.

30. This paragraph consists of Plaintiff's conclusions of law, to which no response is required.

31. This paragraph consists of Plaintiff's conclusions of law, to which no response is required.

The remainder of the Complaint consists of Plaintiff's requests for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested.

**DEFENSES**

All allegations not expressly admitted are denied. Moreover, Defendant raises the following defenses to Plaintiff's allegations:

1. Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions or exclusions to the FOIA.

Wherefore, Defendant respectfully requests that this Court enter a judgement in its favor, dismiss Plaintiff's Complaint with prejudice, and grant such other relief as is deemed just and proper.

Dated: August 4, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

*/s/ Giselle Barcia*
GISELLE BARCIA (D.C. Bar No. 1021577)
HANNAH M. SOLOMON-STRAUSS
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Telephone: (202) 305-1865
Facsimile: (202) 514-8640
E-mail: giselle.barcia@usdoj.gov

*Counsel for Defendant*